IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 1:08-cv-00212 |
| Plaintiff, | ) ) ) | COMPLAINT |
| v. | ) ) | |
| STEEL INDUSTRIES, INC. d/b/a WILLIAMS STEEL | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Terrance Egerton who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Steel Industries, Inc. d/b/a Williams Steel ("Defendant") discriminated against Terrance Egerton, an African-American male, by failing to hire him in retaliation for his complaint to Defendant's predecessor that he was discriminated against because of his race.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Greensboro, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Terrance Egerton filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about October 31, 2005, Defendant engaged in unlawful employment practices at its Greensboro, North Carolina facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by failing to hire Terrance Egerton because he opposed employment practices made unlawful by Title VII. Specifically, Mr. Egerton complained to Defendant's predecessor in or around August or September 2005, and again on or about October 6, 2005, that

he was being treated less favorably than his white co-workers by the predecessor's plant manager.  On or about October 27, 2005, Defendant's predecessor laid off all employees in its Greensboro facility's structural division, including Mr. Egerton, because their positions were being eliminated.  Thereafter, on or about October 31, 2005, Defendant purchased the Greensboro facility from its predecessor, and hired numerous employees who had been laid off by the predecessor company.  At the time it hired employees who had been laid off by the predecessor company, Defendant was aware of Mr. Egerton's complaint about racial discrimination.   Defendant refused to hire Mr. Egerton because of said complaint.

    8.    The effect of the practice complained of in paragraph 7 has been to deprive Terrance Egerton of equal employment opportunities and otherwise adversely affect his status as an employee because of his opposition to practices made unlawful under Title VII.

    9.    The unlawful employment practice complained of in paragraph 7 was intentional.

    10.    The unlawful employment practice complained of in paragraph 7 was done with malice or with reckless indifference to the federally protected rights of Terrance Egerton.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who oppose unlawful discrimination, and which eradicate the effects of its past and present unlawful employment practices.

3

Case 1:08-cv-00212-JAB-RAE    Document 1    Filed 03/28/08    Page 3 of 5

C. Order Defendant to make whole Terrance Egerton by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 7, including but not limited to rightful-place hiring or front pay.

D. Order Defendant to make whole Terrance Egerton by providing compensation for past and future pecuniary losses resulting from unlawful employment practices described in paragraph 7, in amounts to be determined at trial.

E. Order Defendant to make whole Terrance Egerton by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Terrance Egerton punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 28th day of March, 2008.

4

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

s/ Lynette A. Barnes_____
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

TINA M. BURNSIDE
Supervisory Trial Attorney

s/ Darryl L. Edwards_____
DARRYL L. EDWARDS (PA Bar I.D. # 205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
(704) 344-6875 (Direct Dial)
(704) 344-6870 (Facsimile)
Darryl.Edwards@eeoc.gov

ATTORNEYS FOR PLAINTIFF